IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. CALIX CHAVARRIA,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-2418 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT,** | : | |
| | : | |
| Respondent | : | |

# MEMORANDUM AND ORDER

## I. Introduction

Petitioner, Jose A. Calix Chavarria, currently detained at the York County Prison in York, Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondent is the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner has been ordered removed from the United States, and he is seeking release from ICE custody pending his removal.

## II.  Background

The facts are not disputed.[1]  Petitioner, a native and citizen of Honduras, entered the United States on July 11, 1990, as an immigrant.  On August 26, 2002,[2] Petitioner was convicted in the Court of Common Pleas for Franklin County, Pennsylvania, for the offense of delivery of cocaine.  As a result of his conviction, ICE commenced removal proceedings against him on January 6, 2004.  ICE claimed that Petitioner was removable from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony related to illicit trafficking in a controlled substance.  Petitioner sought relief from the removal order, claiming that he has derivative citizenship by virtue of his mother's naturalization.  On July 13, 2004, an immigration judge located in York, Pennsylvania, found that Petitioner did not qualify for relief from removal, and he was ordered removed from the United States to Honduras.

Petitioner appealed the decision to the Board of Immigration Appeals ("BIA").  On October 18, 2004, the BIA affirmed the immigration judge's decision, and

---

[1] Unless otherwise noted, the facts are extracted from Respondent's answer to the order to show cause (Doc. 7.)  Since no traverse was filed, the "allegations of . . . [the] answer to an order to show cause in a habeas corpus proceeding . . . shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.

[2] Although Respondent states that Petitioner was convicted in 2001, Respondent's Exhibit A states that the conviction occurred in 2002.  (Doc. 7, Ex. A at 4.)

dismissed Petitioner's appeal.  Petitioner obtained a stay of removal.  On August 6, 2005, the acting field office director for ICE ordered continuation of detention, but noted that if the stay remained in effect until the end of September, 2005, Petitioner could secure his release by posting a bond in the amount of $20,000.00.  Petitioner commenced the instant habeas corpus action, seeking release from custody pending his removal from the United States.  Thereafter, on December 1, 2005, ICE issued a notice of custody determination (Doc. 7, Ex. E), directing Petitioner's release upon receipt of the $20,000.00 bond.  Respondent filed a response to the habeas petition, together with exhibits, Petitioner did not file a traverse, and the matter is ripe for disposition.

### III. **Discussion**

Petitioner is seeking the appropriate custody review to obtain his release.  Specifically, Petitioner requests this court to "order the [ICE] to exercise its discretion to release petitioner on parole, on his own recognizance, or a reasonable bond."  (Doc. 1 at 13.)  Although he had not received relief when he filed the instant petition, Petitioner subsequently received an order from ICE directing that Petitioner be "released under bond in the amount of $20,000.00."  (Doc. 7, Ex. E.)  Consequently, Petitioner has received the requested relief, i.e. an order of release on

3

reasonable bond. Thus, his petition is moot.

## IV.  O R D E R

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED** as moot.

2. The Clerk of Court is directed to **CLOSE** this case.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  April 26, 2006.